Webb v. Zeller.

———————

No. 10,524.

WEBB v. ZELLER.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict on the mere weight of evidence.

From the Madison Circuit Court.

*H. D. Thompson* and *R. Lake*, for appellant.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.*, for appellee.

Morris, C.—This suit was brought by the appellant against the appellee upon an award. It is alleged in the complaint that, on the 10th day of September, 1874, the parties agreed by parol to submit certain matters of difference then existing between them to the arbitration and award of three persons, one of whom should be chosen by the appellant, one by the appellee, and the third by the persons so chosen; that pursuant to the agreement the appellee selected James M. Garretson as his arbitrator; that the appellant selected as his arbitrator one Beeson, and that the two arbitrators so chosen selected as the third arbitrator or umpire Charles Harvey; that by the further agreement of the parties the arbitrators met on the 26th day of September, 1874, for the purpose of making their award, of which both parties had notice; that, having fully heard the parties touching their matters of difference, the arbitrators made their award as follows:

"Perkinsville, Ind., Sept. 26th, 1874.

" We, the committee appointed to investigate the differences between Bro. Webb and Bro. Zeller in regard to the Perkinsville mill, find that Bro. Zeller is indebted to Bro. Webb to the following amount:

| | |
|---|---:|
| Lost on rent | $ 625 00 |
| Lost on wheat | 325 00 |
| One run, idle for five months | 295 00 |
| Total | 1,245 00 |
| Credit by back rent | 300 00 |
| Balance | 945 00 |
| Improvements | 100 00 |
| Total indebtedness | $1,045 00 |

"Lex Beeson.
"Charles Harvey.
"J. M. Garretson."

It is averred in the complaint that the arbitrators, by mistake and inadvertence, used the word "committee" for and instead of the word "arbitrators"; that the words "Bro. Webb," as used in said award, meant, and were intended to mean, the appellant, and the words "Bro. Zeller" meant the appellee; that copies of said award were duly served upon the respective parties on the 28th day of September, 1874, whereby the appellee became liable to the appellant for the amount of said award; that he had refused to abide by and perform said award. Wherefore the appellant demands judgment.

The appellee answered the complaint by a general denial. The cause was submitted to the court for trial. The court found for the appellee, and over a motion for a new trial judgment was rendered in his favor.

The appellant assigns as error the ruling of the court upon his motion for a new trial.

Counsel for the appellant say: "The question we desire to present is, whether the finding of the court is sustained by sufficient evidence."

The appellant was a witness in his own behalf, and after stating the differences between him and the appellee, and that they were both members of the Masonic lodge at Perkinsville, testified as follows:

"At a meeting of the lodge I asked the master to appoint a committee of one or three to wait on Brother Zeller and ask him if he would not arbitrate with me and make a settlement of the matter; that committee was appointed to wait on him; the committee was appointed to wait on him and ask him in regard to the matter and report what he said; I don't know whether it was in writing, but they reported to the lodge; then, at my suggestion, there was a time agreed upon that we would meet in the hall for the purpose of arbitrating; I selected my arbitrator, and we understood, at least, that he had selected his—the arbitrators met, anyway; Zellers did not come, but his representative was there in his interest; there were fifteen or twenty present at the arbitration; Harvey,

Beeson and Dr. Garretson acted as arbitrators; it was in the latter part of September, 1874; there was no evidence heard except my statement; they asked me to make a statement of the difficulty existing between us, and I did it, and that was all the evidence heard."

The appellee testified that he never agreed to arbitrate the matters in difference between him and the appellant; that he never selected an arbitrator, and never authorized any one to agree to arbitrate said differences for him, nor to select an arbitrator; that he was not present at any arbitration. The testimony of the appellee is corroborated· by other testimony in the case. There is opposing and conflicting testimony in the case, but we think the weight of the evidence supports the finding of the court. As there is testimony legally tending to sustain the finding of the court, we can not disturb it, even though the weight of the evidence should seem to be against it. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

We think there is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.