The City of Indianapolis *v.* Murphy.

Filed Nov. 22, 1883.

---

No. 10,781.

THE CITY OF INDIANAPOLIS *v.* MURPHY.

SUPREME COURT.— *Verdict.— Weight of Evidence.*--Where the evidence tends to establish the material averments of a good complaint, the Supreme Court will not disturb the verdict on the weight of the evidence.

CITY.—*Defect in Public Alley.—Constructive Notice.*—A city is chargeable with constructive notice of the existence of a dangerous defect in a public alley.

SAME.—*Damages.—Evidence.— Verdict.*—In an action for damages for an injury resulting from dangerous defects in a public alley, one witness testified that the defect had existed for six weeks prior to the injury; other witnesses, in some measure, corroborated this testimony. The verdict of the jury indicated that the jury believed and acted upon this testimony.

*Held,* that from the length of time the defect had existed, and the other facts and circumstances of the case, the jury was warranted in inferring knowledge on the part of the city of the existence of such defect.

PRACTICE.—*Instructions.—Presumption.*—Where the error assigned is the refusal of the court to give certain instructions asked by appellant, and the record does not contain general instructions, the presumption on appeal is that the court did its duty under the code (section 533, R. S. 1881), and gave general instructions covering the issues in the case.

SAME.—*Failure to Object to Refusal to Give Instructions.*—Where no objection or exception is taken to the refusal to give instructions asked, no question is presented on such refusal in the Supreme Court.

From the Marion Circuit Court.

*J. A. Pritchard,* for appellant.

*D. V. Burns* and *C. S. Denny,* for appellee.

ZOLLARS, J.—Action by appellee to recover for personal

injuries through defects in a public alley. From the judgment in her favor, appellant prosecutes this appeal.

On a former appeal, the complaint was held sufficient. *Murphy* v. *City of Indianapolis,* 83 Ind. 76.

The only questions argued on this appeal are as to the sufficiency of the evidence, and the giving and refusing of instructions. We do not regard the case as a strong one in favor of appellee, but as the complaint has been held sufficient, and as the evidence tends to establish all of its material averments, we can not disturb the verdict and judgment upon the weight of the evidence. There is a conflict in the testimony, but it was for the jury and trial court to say to whom credence should be given; we can not. This has been so often ruled that we forbear a citation of cases.

It is insisted that the city had no notice of the dangerous condition of the alley. So far as shown by the evidence, it did not have actual notice, but, clearly, it was chargeable with constructive notice. One witness, at least, testified that the defect in the alley had existed for the period of six weeks preceding the injury. He was, in some measure, corroborated by others. The verdict indicates that the jury believed and acted upon the testimony of this witness. From the length of time the defect had existed, and the other facts and circumstances of the case, the jury were warranted in inferring knowledge on the part of the city. *City of Lafayette* v. *Larson,* 73 Ind. 367, and cases cited; *City of Logansport* v. *Justice,* 74 Ind. 378 (39 Am. R. 79), and cases cited; *City of Evansville* v. *Wilter,* 86 Ind. 414, and cases cited; *City of Washington* v. *Small,* 86 Ind. 462; *City of Indianapolis* v. *Scott,* 72 Ind. 196.

Complaint is made that the court erred in refusing to give to the jury certain instructions asked by appellant. The record being silent upon the subject, we must presume that the court did its duty under the code, section 533, R. S. 1881, and gave to the jury general instructions, covering the issues in the case. These general instructions are not in the record, and, in their absence, we can not say that the court erred in

refusing those asked by appellant. The court may have refused them because it was about to give the substance of them in its own instructions. We can not say from the record, that the substance of them was not given by the court. The presumption is that the court committed no error in refusing those asked, and the record contains nothing to overthrow this presumption. Such being the case, it is not necessary for us to set out the instructions so asked, or to express an opinion as to whether or not they state the law correctly. *Bowen* v. *Pollard,* 71 Ind. 177 ; *Coryell* v. *Stone,* 62 Ind. 307 ; *Indiana, etc., Co.* v. *Millican,* 87 Ind. 87.

It is further contended that the trial court erred in giving the third instruction asked by appellee. So far as shown by the record, appellant neither objected nor excepted to the giving of this instruction, and hence it is not in a position to make any question upon it in this court. We may say, however, without setting out the instruction, that we have examined it, and think that it states the law correctly.

Finding no error in the record, the judgment is affirmed, with costs.

Filed Nov. 9, 1883.