The Terre Haute and Indianapolis Railroad Company v. Jackson.

No. 11,136.

## THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY v. JACKSON.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not award a new trial on the mere weight of the evidence.

From the Hendricks Circuit Court.

*J. G. Williams*, for appellant.

*J. V. Hadley*, *E. G. Hogate* and *R. B. Blake*, for appellee.

BEST, C.—This action was brought by the appellee to recover the price of a mare alleged to have been killed by the appellant at a point upon its road where the same was not securely fenced.

Issue; trial; verdict, and judgment for $115. A motion for a new trial, on the ground that the verdict was not sustained by sufficient evidence, was overruled, and this ruling alone is urged as error.

The only disputed question of fact was whether the appellant's train of cars actually collided with the appellee's mare. The appellant insists that the mare, after going upon its right of way, became frightened, possibly at an approaching train, ran along its track, fell upon a pile of ties and so injured herself as to cause her death. This theory is fairly supported by the evidence. The appellee insists that the mare was running in advance of an approaching train, was struck and knocked upon the pile of ties and thus injured. This theory is not without its support in the evidence. No one saw the injury inflicted, and the manner in which it was done can only be determined by certain physical appearances. The footprints of the mare indicate that she was running west on the south side of the track near the end of the ties, and that she continued to run in this direction until within twelve feet of a pile of ties near the south side of the track. Hair was found upon this pile of ties and upon the ends of the

The Terre Haute and Indianapolis Railroad Company v. Jackson.

ties under the rail immediately opposite, and from these foot-prints lead to where the mare was found standing the next morning. The principal wound was upon her left side, though some scratches were found upon the right side. The mare was, with difficulty, led a short distance to the appellee's barn where she lived for a couple of days. After her death the appellant's section foreman, whose duty it was to examine all stock killed upon his portion of the track, examined this mare and reported her killed by the cars, though he in fact knew nothing about it other than what the appearances indicated. The fact that the mare was so slightly injured upon the right side, and the scratches thereon may have been caused by the mare falling upon the end of the ties, or rolling upon them after falling upon the pile of ties, indicate strongly that her injuries were not caused by a collision with the train. On the other hand, the fact that the last foot-prints were at least twelve feet from the pile of ties upon which she was injured, and that she was diverging from them, indicate that she was driven upon them, not alone by the momentum of her body, but by the force of the train, and these, coupled with such admission as results from the section foreman's report, justify the conclusion that the mare was struck and injured by the cars. The evidence, it is true, is slight, but it can not be said that there was no evidence of a collision, and under these circumstances we can not disturb the verdict upon the mere weight of the evidence. This is the established rule of this court. *Webb* v. *Zeller*, 90 Ind. 445; *City of Indianapolis* v. *Murphy*, 91 Ind. 382.

The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and *it is hereby in all things affirmed, at the appellant's costs.*

Filed May 29, 1884.