No. 11,499.

THE TOWN OF SPICELAND v. ALIER.

TOWN.—*Negligence.*—*Streets.*—*Notice.*—*Complaint.*—A complaint against an incorporated town for an injury resulting from a defective sidewalk, which fails to aver notice by the corporation of the defect, or facts by reason of which the law will impute notice, or from which it may be reasonably inferred, is bad on demurrer.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy* and *W. O. Barnard,* for appellant.

HAMMOND, J.—Action by the appellee against the appellant to recover damages for injuries alleged to have been received by reason of a defective sidewalk. The complaint was in two paragraphs, to each of which appellant's demurrer for want of facts was overruled. Upon the issue made by the general denial there was a trial by jury, verdict and judgment for the appeellee.

Judge Dillon, in his work on Municipal Corporations, vol. 2, section 1024, says: " Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for in-

juries caused by its *neglect or omission* to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but, as in such case, the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability."

The recent case of *Turner* v. *City of Indianapolis*, 96 Ind. 51, was an action for an injury received by the plaintiff in driving against a stone which, it was alleged, the defendant had negligently suffered and permitted to remain in one of its streets. It was there held that in a complaint of that kind it was not sufficient to charge that the defendant carelessly and negligently suffered and permitted the obstruction to remain in the street, without averring that the defendant had notice of it, or alleging facts from which notice might be inferred. It was said in that case: " Notwithstanding this court has held that a general charge of negligence in a railroad company is sufficient without averring notice, yet we think that in order to hold a municipal corporation liable for negligently failing to repair a street, or remove an obstruction therefrom, it must have notice of the want of repair or the existence of the obstruction, and it must either be averred in the complaint, or such facts stated from which it can be reasonably inferred."

The reason for the distinction is said to be that a railroad company, through its officers and employees, is presumed to be in the continuous operation of its entire road, and is at all times supposed to have notice of any obstruction upon, or defect in, its track; while the officers of a municipal corporation are not presumed to be hourly and daily traversing all its various public streets. It is, therefore, " not chargeable with notice until it has either been brought home to it, or a sufficient time has elapsed in which it should have learned the facts."

The Town of Spiceland v. Alier.

There is no averment in either paragraph of the appellee's complaint that the appellant had notice of the defects in the sidewalk, which occasioned the injuries complained of. Nor is it shown in either paragraph that the defects in the sidewalk existed a sufficient time before the appellee's injury to make it reasonably inferable that appellant had notice, so that it might have made repairs and prevented the accident. The first paragraph of the complaint avers "that, on the — day of ——, 1882, and for three months next before that date, defendant negligently and carelessly permitted and suffered a certain public street and sidewalk, known as Main street, * * * to remain and be in an unsafe and dangerous condition."

It is charged in the second paragraph of the complaint "that on the 1st day of September, 1882, and for six months next before that time, defendant carelessly and negligently allowed, suffered and permitted a certain public sidewalk in said town * * * to become, and during all of said time remain, out of repair."

The time when appellee received her injury is not named in either paragraph, nor does the context show that it was intended to allege that the accident happened on the date omitted in the first, or on that stated in the second paragraph. It may be that if the complaint alleged that the defect in the sidewalk existed for six, or even three, months before the injury, the appellant's notice of such defect would be presumed. But there is no fact stated from which any inference can be drawn as to how long the defect had existed when the injury occurred. As there is no averment in either paragraph of the complaint that the appellant had notice, nor any fact stated from which such notice can reasonably be inferred, the demurrer to each paragraph should have been sustained.

Reversed, with costs, with instruction to sustain the demurrer to each paragraph of the complaint.

Filed Nov. 26, 1884.