Filed Nov. 11, 1891.

---

No. 256.

## The City of Fort Wayne v. Patterson.

SPECIAL FINDING.--*Irreconcilable Conflict.*—The special findings of a jury can not control and override the general verdict unless they irreconcilably conflict with it.

SAME.—*Presumption to Aid.*—Special findings of a jury can not be aided by any presumption; but all presumptions must be indulged to sustain the general verdict.

SAME.—*Doubt and Uncertainty.*—Every doubt and all uncertainty must be resolved in favor of the general verdict; and in mere conjectures there can be no indulgence.

SAME.—*Conflict.—Evidence.*—The evidence introduced will not be examined to determine if there is a conflict between the special findings and general verdict.

SAME.—*Conflict.—All Construed Together.—Pleadings Considered.*—All the special findings must be construed together, and to them must be added any other fact that might have been proved under the issues in determining if there be a conflict between them and the general verdict.

SAME.—*Inconsistent with Each Other.— Uncertain.*—If the special findings are inconsistent with each other, or contradictory and uncertain, they will not control the general verdict.

MUNICIPAL CORPORATION.—*Safety of Streets for Passage.*—It is the duty of a city to keep all its streets and alleys in a reasonably safe condition

The City of Fort Wayne *v.* Patterson.

for travel, so as to not endanger the person or property of one lawfully using the way for passage.

SAME.—*Notice of Defect.— When Need not be Shown.*—If a defect in a street is not caused by the municipal corporation, or is the result of its neglect to repair the street, it is, in general, not liable, unless it had actual or constructive notice of the defect; but if the defect is attributable to the act of the corporation itself, it is not necessary to show that it had notice.

SAME.—*Constructive Notice.—Length of Time.— What is Sufficient.*—What length of time is sufficient to charge a city with constructive notice is usually a question of fact for the jury.

From the Allen Superior Court.

*H. Colerick,* for appellant.

*L. M. Ninde, H. W. Ninde, P. A. Randall* and *W. J. Vesey,* for appellee.

BLACK, J.—In the appellee's complaint against the appellant a cause of action was stated for a personal injury occasioned by a defect in an alley crossing on one side of a certain street of the city. Among other averments, it was stated in the complaint that for a long time prior to the date of the injury the appellant had negligently permitted a washout, or hole, to remain unfilled and uncovered, at the alley crossing, which fact was unknown to the appellee; that on, etc., he was properly and lawfully driving along said street with a wagon loaded with wood, for delivery in said alley, and, having no other means or place of safely entering said alley, he, with due care and prudence, attempted to drive into said alley at the north side of said street, believing he could do so without danger; that while so prudently and carefully attempting to enter said alley at said point the front wheel of the wagon, which he was driving, without negligence on his part, fell into said hole with great force, thereby throwing him to the ground, etc.; that before said injuries were received the appellant had notice of the existence of said hole, or washout, and negligently permitted it to so remain after receiving said notice, and that the appellee was wholly free from negligence contributing to cause said injury.

There was an answer of general denial, with an agreement that all defences might be shown thereunder.

A jury returned a verdict for the appellee for seven hundred dollars, with answers to interrogatories.

The only supposed error relied on by the appellant is the overruling of its motion for judgment on the answers of the jury to the interrogatories.

Counsel for appellant has quoted, in argument, the third and fourth interrogatories submitted at the request of the appellant, and the twelfth interrogatory submitted by the appellee, with the answers thereto returned by the jury, as follows :

3. " Did any one know of the existence of such defect in the crossing before plaintiff was injured, except the plaintiff." Answer: " No."

4. " Was any officer of the city ever notified of any defect in the gutter, or crossing ?" Answer : " No."

12. " Could not the defendant, and its officers, by the use of ordinary and reasonable care and diligence, have known of said washout and repaired the same before the plaintiff was injured ?" Answer : " Yes."

The contention of the appellant is to the effect that the answers to said third and fourth interrogatories indicate that the appellant was not chargeable with either actual or implied notice, and that the answer to said twelfth interrogatory was a mere conclusion of law.

The special findings in answer to interrogatories can not control and override the general verdict unless they irreconcilably conflict with it. The special findings can not be aided by any presumption, but all presumptions will be indulged to sustain the general verdict.

In determining whether there is such a conflict, the evidence actually introduced will not be examined ; and if, taking all the special findings together and adding to them any other fact that might have been proved under the issues, an irreconcilable conflict with the general verdict can be avoided,

the answers to interrogatories will not be allowed to control. *Cook* v. *Howe,* 77 Ind. 442; *Davis* v. *Reamer,* 105 Ind. 318; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42.

If the special findings are inconsistent with each other, contradictory and uncertain in their meaning, they will not control. *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412; *Carver* v. *Leedy,* 80 Ind. 335; *Rice* v. *Manford,* 110 Ind. 596; *Wabash R. W. Co.* v. *Savage,* 110 Ind. 156.

In answer to some of the other interrogatories, the jury found that the appellant, in the fall of 1887, constructed, or caused to be constructed, a sewer through the alley and across the sidewalk where the appellee was injured; that, on the 9th of March, 1888, the sewer was settled down, and on the south side of the crossing, where the appellee was injured, was sunken from twelve to twenty inches below the top of the crossing over the sidewalk; that there was a washout under and south of the crossing where the appellee was injured, and that this defect occasioned the injury.

It is the duty of a city to keep all its streets and alleys in a reasonably safe condition for travel, so as not to endanger the person or property of one lawfully using the way for passage.

Where the defect in the street which has occasioned the injury was not caused by the city, or where it was the result of the negligent failure of the city to repair the street, the city is, in general, not liable unless it had notice of the defect, either actual or constructive.

The city is bound to use active vigilance to discover defects in its streets; and if the defect which caused the injury had existed for such a length of time that, considering the circumstances of the case, the city, or its officers, might have obtained knowledge of it by the exercise of reasonable care and diligence, notice will be implied. *City of Logansport* v. *Justice,* 74 Ind. 378; *City of Fort Wayne* v. *De Witt,* 47 Ind. 391; *City of Evansville* v. *Wilter,* 86 Ind. 414; *City of Wash-*

*ington* v. *Small*, 86 Ind. 462; *City of Indianapolis* v. *Murphy*, 91 Ind. 382; *Town of Spiceland* v. *Alier*, 98 Ind. 467.

What length of time will be sufficient to charge the city with constructive notice is, in most cases, a question of fact for the jury. *City of Aurora* v. *Bitner*, 100 Ind. 396.

Where the defect in the street which caused the injury is attributable to the act of the municipal corporation itself, it is not necessary to prove notice. In making an improvement in the street, the city is bound to take notice of such defects as ordinary skill and prudence will discover. Elliott Roads and Streets, 462, 644; *Board, etc.*, v. *Bacon*, 96 Ind. 31; *City of Fort Wayne* v. *Coombs*, 107 Ind. 75; *City of Warsaw* v. *Dunlap*, 112 Ind. 576; *Board, etc.*, v. *Pearson*, 120 Ind. 426.

The jury did not specially find how long the defective condition had existed, or at what date the appellee was injured.

The complaint did not charge negligence in the making of the sewer, but it alleged that the appellant had negligently permitted a washout or hole to remain unfilled and uncovered for a long time.

It sufficiently appears from the findings that the city had not actual notice of the defect; but, indulging, as we must, all presumptions in favor of the general verdict, it is not clearly incompatible with the special findings to suppose that there might have been evidence of the existence of the defect for such a length of time that, considering its character, the failure of the appellant to have knowledge of it would have been neglect of duty.

It was found specially that no one knew of the existence of the defect except the appellee. It was not found how long the appellee had known of it. The jury could not find any fact except upon evidence. There may have been no evidence of the existence of the defect but the testimony of the appellee. That no one else knew of it may be difficult to understand except upon the theory that it was of recent occurrence; but we can not indulge any mere conjecture.

We must resolve every doubt and all uncertainty in favor of the general verdict.

Taking the special findings altogether, and considering them in connection with supposable evidence admissible under the issue, we can not determine that the special findings should override the general verdict.

The judgment is affirmed, with costs.

Filed Nov. 11, 1891.