No. 345.

## THE TOWN OF ROSEDALE *v.* FERGUSON.

MUNICIPAL CORPORATION.—*Liability for Injury Caused by Obstructions on Sidewalk.—Pleading.*—In an action against a town for personal injury occasioned by obstructions on a sidewalk, the complaint alleged that a certain railroad company, with full knowledge of the town, negligently obstructed a sidewalk adjoining certain real estate controlled and owned by said railroad company in said town, by causing to be placed thereon a large number of rolls of barbed wire, obstructing and rendering passage over the sidewalk dangerous to travellers passing thereon.

*Held,* that it was sufficiently alleged that the place where the wire lay was a public sidewalk, although the name of the street was not alleged.

SAME.—*Knowledge of Obstruction.*—In such action, where there is no evidence that the town had notice of the alleged obstruction of the sidewalk, or that facts existed from which notice thereof may have been reasonably inferred, or that there were circumstances from which the alleged obstruction ought to have been known and remedied, a judgment for plaintiff will be reversed.

From the Park Circuit Court.

*E. Hunt, T. N. Rice* and *J. T. Johnston,* for appellant.

*S. D. Puett,* for appellee.

ROBINSON, C. J.—This action was originally commenced by the appellee against the appellant and the Terre Haute and Indianapolis Railroad Company. Before the formation of the issues the cause was dismissed as to the railroad, and continued on the original complaint against the appellant.

The complaint was in two paragraphs. The appellant demurred to each paragraph, which was overruled, and exceptions saved.

The answer was general denial. The cause was tried by a jury, resulting in a verdict for the appellee. A motion for a new trial was overruled, and exception saved.

Judgment was rendered on the verdict.

Under the assignment of error it is alleged that the court erred in overruling the demurrer to each paragraph of the complaint, and in overruling the motion for a new trial.

The first question presented for our consideration is the alleged error of the court in overruling the demurrer to each paragraph of the complaint. The same facts were substantially alleged in both paragraphs of the complaint : That the appellant was a corporation, duly organized under the statutes of this State, and that the Terre Haute and Indianapolis Railroad was also a corporation, duly organized under the statutes of this State, and was, on the first day of October, 1889, and before and after that time, operating its said road, the track thereof extending through the town of Rosedale, and at which point said railroad company maintained a depot and platform, where it loaded and unloaded freight, and did on the —— day of October, 1889, with full knowledge of the appellant, unlawfully, carelessly, and negligently, obstruct a sidewalk adjoining certain real estate controlled and occupied by said railroad company in said town of Rosedale, by causing to be placed thereon a large number of rolls of barbed wire, obstructing and rendering passage over the sidewalk dangerous to travellers passing thereon ; that the appellant had notice of the dangerous obstruction of said sidewalk, which remained thereon, and was left there by said railroad company, with the knowledge of the appellant for a period of three or four days ; and the appellant for said period of time carelessly and negligently suffered and permitted said obstruction to remain thereon without attempting to remove it, and without fault or negligence by the appellee, and while using due care the appellee, on the 16th day of October, 1889, in passing over and along said sidewalk, in the dusk of the evening, it being dark, ran against and over said barbed wire, and was violently thrown by said wire to the ground, the said wire cutting appellee's clothing, limbs, arms, breast, and in various ways injuring him, causing him great pain and suffering, throwing him out of work and employment, causing him to be at great expense and outlay in nursing and caring for his wounds, etc., to his damage, etc.

The only objection made to the complaint is that it is not sufficiently alleged that, at the point where appellee received the injury, and where it was alleged that the sidewalk was obstructed by the wire, it was a public sidewalk of the town. The complaint alleged that the railroad company, with full knowledge of the appellant, did unlawfully, carelessly and negligently obstruct a sidewalk adjoining certain real estate controlled and owned by said railroad company in said town of Rosedale, by causing to be placed thereon a large number of rolls of barbed wire, obstructing and rendering passage over the sidewalk dangerous to travellers passing thereon. It was not necessary to allege in the complaint, as claimed by the appellant, that the sidewalk had been accepted by the authorities of the corporation; the allegations in the complaint were sufficient, although the name of the street was not alleged. A sidewalk is a part of a street, and streets include sidewalks. *State* v. *Berdetta*, 73 Ind. 185; *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Wiles* v. *Hoss*, 114 Ind. 371. Under the statute it is the duty of the board of trustees of a town to improve the streets, sidewalks, and crossings, and keep them in repair, and to prohibit the incumbrance of the sidewalks of said town, etc. Elliott's Supp., section 826, clauses 9 and 11. The demurrer was correctly overruled to the complaint.

Under the assignment of error alleging that the court erred in overruling the motion for a new trial, appellant insists that the verdict was not sustained by sufficient evidence.

The first contention of the appellant is that the evidence does not support the verdict, because it was not shown that the place where the barbed wire lay, and where the appellee received the injury complained of, was a public sidewalk in said town. There was much conflict in the evidence on this point, but as it is not our duty to weigh the evidence and determine the preponderance, we can not say that the verdict should be set aside for this reason, as there was evidence tending to prove that the sidewalk where appellee was in-

jured was a public sidewalk, and within the corporate limits of said town. But there is another question under the evidence in this case which must result in its reversal. The law is settled that " Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but as, in such case, the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability. For, in such cases, the corporation, in the absence of a controlling enactment, is responsible only for a reasonable diligence to repair the defect or prevent accidents after the unsafe condition of the street is known, or ought to have been known to it, or to its officers having authority to act respecting it." *Turner* v. *City of Indianapolis*, 96 Ind. 51 ; *City of Evansville* v. *Wilter*, 86 Ind. 414 ; *City of Indianapolis* v. *Scott*, 72 Ind. 196 ; *City of Logansport* v. *Justice*, 74 Ind. 378.

Under the evidence in the case before us, it appears that the sidewalk where the appellee received the injury complained of was a part of West Middle street in said town, and was near to and adjacent with the platform of the depot of the railroad which ran through said town ; that on the evening of October 12th, 1889, eight bundles of barbed wire were received by rail at said depot, and were unloaded on the platform of said depot, and remained there until the next morning, when it was put off the platform, and two bundles were placed north and six south of the sidewalk, where appellee sustained the injury complained of, but that the sidewalk was not obstructed by said wire.

There was no evidence tending to show that the sidewalk was in any way obstructed by any part of said wire until the night of October 16th, 1889, when appellee was injured by

running against a bundle of said wire, on or near the sidewalk. There was no evidence tending to show that the sidewalk had been obstructed with the wire before the night the appellee was injured, nor did the evidence tend to show the extent of the obstruction, or how or by what means the bundle of wire that injured the appellee came upon the sidewalk. It can only be inferred from the evidence that some third party, unknown to the appellant, placed the bundle of wire that injured the appellee on or near the sidewalk the evening the appellee was injured, and of which appellant had no notice.

It therefore clearly appears that there was an entire lack of evidence tending to show that the corporation had notice of the alleged obstruction of the sidewalk, or that facts existed from which notice thereof may have reasonably been inferred, or that there was proof of such circumstances from which the alleged obstruction ought to have been known and remedied by the corporation. In fact the counsel for the appellee do not attempt in argument to sustain this branch of the case, or to point out any facts proven on the trial by which these facts, essential to the liability of the corporation, were made to appear.

The judgment is reversed, with instructions to sustain the motion for a new trial, at the appellee's costs.

Filed Feb. 17, 1892.