NOVEMBER TERM, 1892. 489

The Town of Fowler *v.* The F. C. Austin Manufacturing Company.

Filed Dec. 1, 1892.

---

No. 682.

## THE TOWN OF FOWLER *v.* THE F. C. AUSTIN MANUFACTURING COMPANY.

MUNICIPAL CORPORATION.—*Liability of for Purchase of Road Scraper:—Section 3342, R. S. 1881, Construed.*—A municipal corporation has full control over its streets and alleys, and is in duty bound to keep them in safe condition for the travelling public, and is liable on a promissory note given for the purchase of a "reversible road scraper" to be operated on its streets. Section 3342, R. S. 1881, forbidding an incorporated town to borrow money or incur any debt or liability, save on

petition, etc., does not apply to the purchase of articles of indispensable necessity.

From the Benton Circuit Court.

*J. T. Brown* and *E. G. Hall,* for appellant.

*M. H. Walker* and *G. H. Gray,* for appellee.

REINHARD, J.—This action was brought by the appellee against the appellant in the court below on a promissory note given for the purchase price of a "reversible road scraper." The appellee recovered.

In various ways the question is presented whether a municipal corporation can render itself liable for a debt of the character here declared upon without violating the provisions of section 3342, R. S. 1881, which are as follows:

" No incorporated town under this act shall have power to borrow money or incur any debt or liability, unless the citizen-owners of five-eighths of the taxable property of such town, as evidenced by the assessment roll of the preceding year, petition the board of trustees to contract such debt or loan," etc. It is admitted that no petition of the kind here provided for was ever filed.

We do not hesitate to declare that in our judgment the appellant is clearly liable. The note was dated June 10, 1890, and was due and payable on or before May 13, 1891. It was an expense, therefore, that could, and presumably would be paid out of the current revenues for the purpose of paying current expenses, and was not the kind of debt or liability which the statute inhibits. But even if it was a debt payable out of future levies and assessments, it is still valid. Municipal corporations have full control over the streets and alleys of their respective cities or towns, and are in duty bound to keep them in safe condition for the travelling public. If a town has no power to become liable for a scraper such as is used to aid in keeping its streets in repair, it follows that it can not bind itself for

the price of a hoe, or shovel, or a day's work on the streets, unless the citizen-owners of the taxable property first petition to contract such debt. To hold that the Legislature intended any such result as that would be deciding that it intended a gross absurdity, besides hampering the municipality in the exercise of its usual and ordinary functions. The restrictions placed upon town boards by the act cited were doubtless intended to place a check upon the incurring of debts for matters of simple convenience but not indispensable. When viewed in this light the statute but implies the general legal principle that municipal corporations possess, besides the powers expressly granted them by their charters, those incidental thereto, or necessarily or fairly implied therein, as well as such as are essential to the declared objects and purposes of the corporation. 1 Dillon Munic. Corp. (4th ed.), section 89, and n. 1, and section 119, notes 1 and 2. The statute goes a step farther, and provides, inferentially at least, that incorporated towns may contract debts even for matters of mere convenience, if the required number of the proper citizens petition therefor. Against this there may be constitutional barriers in some instances, but no question of that kind is here involved.

Judgment affirmed.

Filed Dec. 1, 1892.