No. 626.

## THE TOWN OF MONTICELLO v. KENNARD.

APPELLATE COURT PRACTICE.—*Insufficiency of Appellant's Complaint.— When Subsequent Errors May be Disregarded and Judgment Affirmed. —Exception to.*—To the rule that where a complaint fails to state a cause of action, and this failure is raised by demurrer and assigned as cross-error, any subsequent errors may be disregarded and the judgment affirmed, there exists the exception that if the complaint can be so amended as to cure the defects therein, the court may reverse the judgment at the costs of the appellant.

JUDGMENT.—*Upon Facts Found.—Complaint.—Defects Cured.—Practice.*—In considering the right of a plaintiff to judgment upon the facts, many defects in the complaint will be regarded as cured by the evidence and facts found; and where the facts show a party entitled to relief, he will not be debarred therefrom by any undue technicality.

MUNICIPAL CORPORATION.—*Unsafe Condition of Street.—Liability for. —Notice.*—A municipal corporation is not an insurer of the safety of its streets, but is bound to exercise reasonable care and diligence to keep them in a reasonably safe condition for use, which includes the duty to keep them free from dangerous obstructions; and liability attaches for negligence in regard thereto, after notice is imputed to it, whether such notice be actual or constructive.

SAME.—*Obstruction of Street.—Notice.—Liability.*— Where a pile of brush two feet high projecting eight feet into one of the principal streets of a town, near the business portion thereof, remained in such position for three days, the corporation was chargeable with notice of such obstruction, and with liability for any damages resulting from such negligence, where the injured person is free from contributory negligence.

From the Cass Circuit Court.

*S. T. McConnell, A. G. Jenkins, W. S. Hartman* and *W. H. Hamelle,* for appellant.

*M. Winfield* and *D. C. Justice,* for appellee.

GAVIN, J.—This suit was originally commenced by appellee, in the White Circuit Court, and was on change of venue taken to Cass county. A demurrer to the com-

plaint was overruled, and an exception taken thereto. An answer of general denial was then filed and the cause tried by a jury, which returned a special verdict upon which judgment was rendered in favor of appellant over appellee's objection and exception.

The appellee afterwards began this action to review the judgment thus rendered, counting upon error of the court in rendering judgment upon the special findings in favor of appellant instead of in his own favor.

A demurrer to this complaint was overruled, and an exception taken thereto.     Answers were filed, consisting of the general denial, and special answers setting up error on the former trial, in overruling the demurrer to the complaint in the original cause.

Upon the trial, the court found in favor of appellee, that the former judgment ought to be reversed, and also found that the demurrer to the original complaint ought to be sustained with leave to amend.     It was so adjudged, and from this judgment appellant appeals.

The principal error presented and discussed here is that the court erred in overruling appellant's demurrer to the complaint to review.

Appellant's position is that the finding of facts is insufficient to sustain a judgment for appellee, and also that, even if it be sufficient, his complaint was bad on demurrer, and the judgment should therefore stand, relying for this latter proposition upon cases holding that where the complaint fails to state a cause of action, and this failure is raised by demurrer and assigned as cross-error, any subsequent errors may be disregarded and the judgment affirmed, referring to *Palmer* v. *Logansport, etc., Gravel Road Co.*, 108 Ind. 137, and to *Ice* v. *Ball*, 102 Ind. 42.

To the general rule asserted by these cases there exists a well recognized exception:   "Where the complaint

The Town of Monticello *v.* Kennard.

can be amended so as to cure defects the court may reverse the judgment at the costs of the appellant, and is not bound to affirm the judgment because of the defective complaint.'' Elliott App. Proced., section 416; *McCole* v. *Loehr*, 79 Ind. 430; *Goodman* v. *Niblack*, 102 U. S. 556; *Kelley* v. *Adams*, 120 Ind. 340.

Appellee takes the position that the appellant can not be heard to complain in this court, because the judgment below is to be regarded as having been sought by him, the order being that the demurrer to the complaint should be sustained as appellants asked in their answer. We do not regard this position as tenable. Appellant was manifestly willing to abide the first judgment. It sought no relief therefrom.

The answer of error in ruling upon the sufficiency of the complaint was plainly presented primarily to save and uphold the judgment if possible, and secondarily, doubtless, to save costs if appellee should obtain a reversal on the facts.

This leaves for determination then the question of the sufficiency of the findings to sustain a judgment for appellee. If they were sufficient, we are of opinion that he was in fairness entitled to a reversal even though his complaint was defective, because it could be easily amended.

Where the facts show a party entitled to relief, he should not be debarred therefrom by any undue technicality. In considering the right of a plaintiff to judgment upon the facts, many defects in the complaint will be regarded as cured by the evidence and facts found. *Steinke* v. *Bentley*, 6 Ind. App. 663; *Graves* v. *State*, 121 Ind. 357; *Child* v. *Swain*, 69 Ind. 230; *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

The facts found are substantially as follows:

Defendant was a duly incorporated town, with a board

of five trustees and a town marshal, on June 18, 1889, but no street commissioner. Illinois street, one of the four principal streets in said town, and the principal residence street therein, was sixty-six feet wide.

On June 15, 1889, some one, without the authority of said town, placed in said street a lot of brush from a tree, covering a space of about eight feet and about two feet high, within one and one-half squares of the courthouse, and about one square from the business center of the town. The pile of brush remained there in that condition until June 19, 1889.

On the evening of June 18, 1889, the appellee, who lived in the country, drove to Monticello, with his wife and child, in a top buggy, with a gentle horse, arriving there about 8 o'clock. The evening was dark and rainy, and as he entered Illinois street it was so dark and rainy that he could not see anything in the street, and there were no lamps or lights burning. He drove along on Illinois street to the east side thereof, for the purpose of keeping out of the way of teams that might be coming from the opposite direction, with his horse in a walk. He had no knowledge or notice of the existence or location of said pile of brush, and, while thus driving his horse carefully in a walk, the wheels of the wagon ran upon this brush heap, which caused his wagon to upset and throw its occupants over into the gutter.

The place where the accident occurred was a public street, traveled at all hours by citizens of Monticello and others.

It was also found that the appellant had notice, before the accident, of the existence of such obstruction, and that the same was dangerous to persons traveling the street on a dark night with a horse and buggy; that appellee was unable to see the obstruction, by reason of

darkness and rain, and had no knowledge of it until the buggy was overturned.

The jury also found "that the plaintiff was without fault, and that the defendant was guilty of negligence in allowing the obstruction to remain as aforesaid."

There was also a finding as to the damages.

A municipal corporation is not an insurer of the safety of its streets, but it is bound to exercise reasonable care and diligence to keep them in a reasonably safe condition for use. *Higert* v. *City of Greencastle*, 43 Ind. 574; *City of Richmond* v. *Mulholland*, 116 Ind. 173; *City of Franklin* v. *Harter*, 127 Ind. 446.

The duty of keeping streets in repair includes the duty to keep them free from dangerous obstructions, and a corporation is liable for negligence in allowing such obstructions to continue after notice thereof may be imputed to it. 2 Beach on. Pub. Corp., section 1510.

The corporation is also entitled to notice of the defect, and to a reasonable time in which to remove it, where it has been caused by some third person. *Turner* v. *City of Indianapolis*, 96 Ind. 51; *City of Huntington* v. *Breen*, 77 Ind. 29; *Town of Spiceland* v. *Alier*, 98 Ind. 467; *City of Ft. Wayne* v. *Patterson*, 3 Ind. App. 34; Elliott on Roads and Streets, 460; Dillon on Munic. Corp., section 790.

This notice, however, may be either actual or constructive. Whenever the defect has existed such a length of time as that, when its character and location and the other attendant circumstances are considered, the corporation, by the exercise of reasonable diligence ought to have discovered and removed the defect, then it will be held liable for damages occasioned thereby to one himself without fault. *City of Evansville* v. *Wilter*, 86 Ind. 414; *City of Indianapolis* v. *Murphy*, 91 Ind. 382; *City of Aurora* v. *Bitner*, 100 Ind. 396; *City of Fort Wayne* v. *Patterson*,

*supra; Town of Rosedale* v. *Ferguson*, 3 Ind. App. 596, 30 N. E. Rep. 156; Elliott on Roads and Streets, 461.

When these general principles are applied to the case in hand, we think there are sufficient facts found to sustain a judgment for the appellee.

The finding of actual notice is insufficient in that it does not find the length of the notice, which may have been not more than one minute or five before the happening of the accident. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210.

The character of the obstruction two feet high, occupying eight feet of ground out in a principal public street, within one and one-half blocks of the courthouse, and within about one block of the business center of the town, was such as imposed upon the town the duty of ascertaining its presence and causing its removal during the three days prior to the accident.

The jury found the obstruction to be a dangerous one, and we are unable to concur with counsel as to its innocent character as an inoffensive bundle of "twigs" merely. It impresses us as being directly calculated to produce the very result which it did cause. It stood out in the road plain and visible. That it was manifestly out of place could be determined at the first glance. Its removal would have required but little time.

The corporation was bound to use active diligence to discover defects in its streets. *City of Fort Wayne* v. *Patterson, supra; City of Evansville* v. *Wilter, supra.*

As to the length of time required to impose constructive notice upon a corporation very much must necessarily depend upon the character of the defect or obstruction. It is plain that a "much shorter period of time would be required where the obstruction is, as here, prominently plain and visible, in a much frequented and public place, than if it were some slight defect half

The Town of Monticello *v.* Kennard.

hidden from view and readily and easily overlooked both by the authorities and passers-by.

In *City of Logansport* v. *Justice*, 74 Ind. 378, the court indicated that the existence of a defect in a bridge for two weeks would warrant the inference of knowledge by the authorities.

In *Todd* v. *City of Troy*, 61 N. Y. 506, it was held that an accumulation of ice for "several days'" time must be regarded by the city.

In *Kunz* v. *City of Troy*, 104 N. Y. 344, four days' time was held long enough to impose upon the city notice of the presence of a counter on a sidewalk, together with the duty of removal.

In *Harriman* v. *City of Boston*, 114 Mass. 241, the court decided that where a coal hole upon a much-traveled street was left open for less than twenty-four hours, the question of reasonable notice to the city was proper to be submitted to a jury.

In *City of Grand Rapids* v. *Wyman*, 46 Mich. 516, a horse stepped into a hole in a street, which had been there for ten days. The city was held liable.

In *Nichols* v. *City of Minneapolis*, 30 Minn. 545, telephone wires were left on the ground eight days. The time was held amply sufficient to indicate negligence upon the part of the city.

We are of opinion that a correct result was reached in the court below, and the judgment is affirmed.

Ross, J., did not participate in this decision.

Filed June 9, 1893.