## THE TOWN OF WORTHINGTON *v.* MORGAN.

[No. 2,180. Filed May 26, 1897.]

TOWNS.—*Defective Streets.*—*Liability for Damages by Reason Thereof.* —An incorporated town has exclusive power over its streets, and is under duty to use ordinary care to keep them in a reasonably safe condition for travelers thereon, exercising ordinary care, and in default thereof is liable in damages for injuries thereby sustained. *p. 604.*

APPEAL AND ERROR.—*Longhand Manuscript of Evidence.*—*How Made Part of Record.*—The longhand manuscript of the evidence must be filed in the clerk's office before it is incorporated in the bill of exceptions. *p. 605.*

From the Greene Circuit Court. *Affirmed.*

*H. C. Shaw* and *Davis & Moffett,* for appellant.

*Emerson Short,* for appellee.

BLACK, J.—The appellant has assigned as error the overruling of its demurrer for want of sufficient facts to the appellee's complaint.

The action was one for the recovery of damages for personal injury to the appellee, received without his fault while he was traveling upon a public street of the town, and caused by a defective condition of the street, attributed to the negligence of the appellant.

Counsel for the appellant in argument have referred to a recent case in our Supreme Court, *Board, etc.,* v. *Allman, Admr.,* 142 Ind. 573, in which it is decided that there is no liability of counties in this State to answer in damages for injuries sustained through defects of bridges over watercourses, the decision being based upon the ground, that counties, being sub-divisions of the State, are instrumentalities of government and exercise authority given by the State, and are not liable for the negligence of their officers, unless a right of action is expressly given by statute.

Counsel for appellant say, they fail to see why the same reason will not apply to towns, and therefore they contend that the same rule of non-liability should be applied to towns in respect to their streets.

A careful examination of the case mentioned could not have led counsel to such a conclusion, and they do not support their contention with any authority.

An incorporated town has exclusive power over its streets, and is under the duty to use ordinary care to keep them in a reasonably safe condition for travelers thereon exercising ordinary care. *Dooley* v. *Town of Sullivan,* 112 Ind. 451; *Town of Gosport* v. *Evans,* 112 Ind. 133; *Town of Spiceland* v. *Alier,* 98 Ind. 467; *Town of Rushville* v. *Poe,* 85 Ind. 83; *Town of Salem* v. *Goller,* 76 Ind. 291; *Town of Knightstown* v. *Musgrove,* 116 Ind. 121; *Town of Marion* v. *Skillman,* 127 Ind. 130; *Alexander* v. *Town of New Castle,* 115

Ind. 51; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Town of Rosedale* v. *Ferguson*, 3 Ind. App. 596; *Wickwire* v. *Town of Angola*, 4 Ind. App. 253; *Town of Fowler* v. *F. C. Austin Mfg. Co.*, 5 Ind. App. 489; *Town of Monticello* v. *Kennard*, 7 Ind. App. 135; *Town of Kentland* v. *Hagan, ante*, 1.

Many other authorities might be cited, and we know of none to the contrary. The matter is so well settled that we can find no reason for an extended discussion of the subject.

The overruling of appellant's motion for a new trial is assigned as error, and under that assignment counsel for appellant have questioned the sufficiency of the evidence, and have discussed the action of the court in refusing to give to the jury an instruction asked by the appellant.

It does not appear that the reporter's longhand report of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions.

Under a great number of recent decisions of the Supreme Court and of this court, we cannot treat the evidence as properly before us. Therefore, neither of the matters discussed under the assignment relating to the motion for a new trial can be considered.

Judgment affirmed.