DENISON & PACIFIC SUBURBAN RAILWAY COMPANY V.
J. H. FOSTER.

Decided March 15, 1902.

**1.—Railway Company—Street Crossing—Approaches.**

A railway company is required, where its track intersects a street, only to keep in repair the crossing proper, but not the approaches to the crossing.

**2.—Same—Degree of Care.**

A charge that if the jury found that a bridge over the culvert in the street, through which bridge plaintiff's horse fell, was an approach to and a necessary part of the crossing, then that the duty devolved on the railway company to keep it in a reasonably safe repair, did not impose the duty of keeping the approaches to the crossing in repair, nor a higher degree of care than ordinary care.

**3.—Same—Act of Stranger—Charge.**

It was not error for the court to refuse a charge that the defendant was not liable if it used ordinary care to keep the bridge in a reasonably safe condition, notwithstanding that the bridge was out of repair and plaintiff thereby injured, where it had already charged that before the jury could find for plaintiff they must find that the bridge was not reasonably safe, and that if a plank was removed by a stranger and this caused the accident, plaintiff could not recover.

**4.—Same—Negligence—Burden—Prima Facie Case.**

Where plaintiff's evidence made out a prima facie case without showing that the plank had been removed by a stranger from the bridge through which his horse fell, the burden of proving that the plank had been removed by a third person was on the defendant.

**5.—Same—Evidence—Condition of Bridge.**

It was error to exclude testimony to the effect that the bridge appeared to a witness to be constructed of good material and that the last time witness was over the bridge she saw nothing which would render it unsafe, but the error was harmless where other testimony of the witness, already given, was substantially to the same effect.

**6.—Same—Res Gestae.**

Where, fifteen minutes after plaintiff's horse had fallen through a bridge at the intersection of a street and a railroad, a train came along and on striking something there, stopped, and one of the trainmen said, "Bill, here is a piece of timber somebody has put on the track," such declaration was not res gestae of the accident to plaintiff.

**7.—Witness—Impeaching.**

A witness can not be impeached by allegations in the petition in a suit by him, where it is not shown that he signed the petition, or authorized or had knowledge of the allegation.

**8.—Same.**

A witness can not be impeached by evidence contradicting statements of his, drawn out on cross-examination, that are not material to any issue in the case.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*T. J. Freeman* and *Head & Dillard,* for appellant.

*H. H. Cummins, W. J. Mathis* and *Wolfe, Hare & Semple,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On January 14, 1901, appellee was driving along one of the public streets of the city of Denison when his horse stepped in a hole in a bridge across a culvert at the intersection of said street with appellant's track, and threw him out of his buggy, and on January 22, 1901, he instituted suit to recover of appellant damages for the injuries alleged to have been thus caused. A trial before a jury on October 12, 1901, resulted in a verdict and judgment in favor of appellee for $6000, to reverse which this appeal is prosecuted, appellant having given notice of appeal, filed appeal bond, and assigned errors, in compliance with out statutes and rules of court.

1. Appellant complains of the following charge: "If you believe from the evidence that the bridge in question over the culvert on Day street, in the city of Denison, was an approach to and a necessary part of the crossing of defendant's road over said Day street, and if you further believe from the evidence that the defendant permitted said bridge to become and remain out of repair to such an extent that it was not reasonably safe for use by the public to travel over; * * * and that plaintiff's injuries, if any he received, were proximately caused by said bridge being out of repair, and if you find from the evidence that the same was out of repair and not in a reasonably safe condition for use by the public, * * * then you will find for the plaintiff." It is contended that defendant was only required to keep in repair the crossing proper, and was not required to keep in repair the approaches to the crossing after they had once been put in proper condition. This contention is sound. It does not, however, arise under this assign-ment. The charge does not impose upon the defendant the duty of keeping the approaches to the crossing in repair. The charge requires the jury to find that the bridge over the culvert in Day street was an approach to and a necessary part of the crossing, and if they so find then they are told, in effect, that the duty devolved upon defendant to keep it in reasonably safe repair. The jury must, under this charge, before finding for plaintiff, believe that the bridge over the culvert was a necessary part of the crossing. Nor does the charge impose upon the defendant the duty of exercising a higher degree of care in keeping the bridge in repair than ordinary care. In this connection the defendant requested the following charge: "If you believe from the evidence that the defendant used ordinary care and prudence to keep the bridge in a reasonably safe condition (and by this is meant such degree of care and prudence as a man of ordinary care would use under the same circumstances), and, notwithstanding the exercise of such care, said bridge was out of repair on the night of January 14th, and plaintiff thereby received his hurts, you will return a verdict for the defendant." We are of the opinion that there was no error in refusing this charge. The jury were instructed by the main charge, in effect, that before they could find for the plaintiff they must find that the bridge was not reasonably safe for use by the public. They were further told that if the

plank was removed from the bridge by a stranger and this caused the injuries to plaintiff, he could not recover. The defendant was required by statute to keep the crossing in repair. While this statute does not make the railroad an insurer in this respect, it was its duty to keep the crossing in reasonably safe repair. As the main charge covered this phase of the case the refusal of the requested charge is not reversible error.

2. Complaint is made of the following clause of the charge: "The burden of proof is on the defendant, however, to show that plaintiff was guilty of a lack of such care as an ordinarily prudent person would have exercised under the same or similar circumstances in the manner in which he approached and drove on said bridge, which caused or contributed to cause the injuries, if any were received, or to show by a preponderance of the evidence that a plank was removed from said bridge by some third person, which caused the injuries, if any, received by the plaintiff." It is contended that the burden of proof was not on the defendant to show by a preponderance of the evidence that a plank was removed from the bridge by some third person and that this caused the plaintiff's injuries, but was on the plaintiff to show by a preponderance of the evidence that his injuries were caused by the negligence of the defendant and were not caused by anyone else. The plaintiff introduced proof tending to show that the bridge was not in safe repair. The testimony for plaintiff fairly made out a prima facie case in his behalf, and did not show that a plank had been removed from the bridge by a third party. The court charged the jury: "If you further believe from the evidence that the defendant permitted said bridge to become and remain out of repair to such an extent that it was not reasonably safe for use by the public to travel over," etc., and that plaintiff's injuries were caused thereby, then they should find for plaintiff. The court in the same connection, instructed the jury as follows: "Or if you believe from the evidence that a plank was removed from said bridge by a stranger, thereby making a hole in said bridge, and that such removal of said plank caused plaintiff's horse to fall and thereby proximately caused the injuries, if any, received by plaintiff, you will find for the defendant." The defendant plead contributory negligence on the part of plaintiff, and also, in substance, that if the bridge was out of repair it was through no fault of defendant, but was the act of a stranger, done without its knowledge or consent and but a short time before the accident. The plaintiff, having introduced sufficient evidence to make out his case without showing that a plank had been removed from the bridge by a stranger, if the defendant wished to defeat the case so made by introducing evidence to show that the defect in the bridge was caused by a plank having been removed therefrom by a third person, not connected with the defendant, the burden of showing such fact was on the railroad, and the court did not err in so instructing the jury. Odom v. Woodward, 74 Texas, 41; Patterson v. Railway, 40 S.

W. Rep., 445; Railway v. Manufacturing Co., 79 Texas, 26; Cantwell v. Knoxville C. G. & L. R. Co. (Tenn.), 18 S. W..Rep., 271; Ryan v. Railway, 65 Texas, 13.

3. Complaint is made of the action of the court in excluding certain testimony of the witness Mrs. J. E. Nading. This witness, in answer to a certain interrogatory as to whether or not the bridge over the culvert was constructed of good material, answered, "It appeared to be constructed of good material." The objection made was that the answer did not state a fact but merely the opinion and conclusion of the witness. Also her answer to the following interrogatory: "State whether or not, at the time you were last over the bridge, the culvert, bridge, or approach was in any way defective or out of repair or dangerous for people or horses to travel over," to which she answered, "I saw nothing which would render the bridge unsafe or cause any accident at all." This answer was objected to because it was an expression of opinion, and her testimony did not show that she was qualified to express an opinion. We are of the opinion that the answers of the witness to both interrogatories was competent evidence and should have been admitted. The witness had testified that "It [meaning the bridge] appeared to be constructed of good material," and "It was constructed of plank—pine I think it was. I was simply walking along looking down, and don't know exactly why I noticed it. I think one end of the plank was loose. The nail seemed to be a little loose. With this exception nothing was out of repair. There were no holes or any broken plank." She further testified on cross-examination, "I don't remember having ever passed there and seen it out of repair. I saw nothing out of repair." We think the evidence excluded was fairly embraced in other testimony of the witness contained in the record, and hence the action of the court in sustaining the objection to the above interrogatories and excluding the answers was harmless.

Complaint is made of the exclusion by the court of the answer of defendant's witness, Mrs. C. A. Pearson, that "It [the bridge] looked safe to me. I could not see anything wrong with it. The material of which it was constructed was good." The objection to this testimony was that it was an opinion, and the witness had not qualified herself to give the answer. The answer was admissible and the objection should have been overruled. The witness did testify, as shown by the record, that she had frequently passed over and noticed the crossing. She says: "I did not see any defects in the crossing or bridge before the accident." We think the action of the court in excluding the evidence, in view of this testimony, was harmless.

There was positive evidence introduced by defendant, to wit: The testimony of its section foreman and section men, that the material of the bridge was sound and the bridge in good condition; the plaintiff's evidence was to the effect that the material was old and rotten and the bridge not in safe repair. Considering the negative character of the testimony excluded and its inherent weakness, we are of the opinion

that the result must have been the same had this testimony been admitted. Its exclusion, therefore, if error, was harmless.

It is contended that the court erred in excluding the testimony of Ollie Pearson, that she heard one of the trainmen say, "Bill, here is a piece of timber somebody has put on the track." She had previously testified that after the accident the train on defendant's road struck something and stopped, and several men got off the train and one of them removed a piece of timber. It was then the statement was made. The objection was that the testimoiy was immaterial, hearsay, and irrelevant. Appellant contends that it was admissible as a part of the res gestae. There was no error in excluding the testimony. It was not res gestae. Plaintiff had been injured some fifteen minutes before the train arrived and the exclamation was made. The statement did not result from the accident which caused plaintiff's injury. These remarks dispose of the tenth assignment adversely to appellant.

Charles Graham, a witness for the plaintiff, stated on his cross-examination that he had a suit against the defendant railway company on account of injuries received by him at the same time plaintiff was injured. He was asked if he did not allege, in that suit, that he had received certain injuries to his head, and answered he did not. Defendant then offered to read, from the witness' petition in his cause, the allegations that he was injured at the same time and place and received injuries in his head. This evidence was objected to as irrelevant and immaterial and not a declaration of the witness, nor a declaration made under his instructions, and is not signed by him. The objections were sustained and the evidence excluded. The evidence does not show that the witness had knowledge of the allegations contained in his petition or that he authorized the same. It is not shown that he signed the petition. The statement of the witness which it was sought to impeach was drawn out on cross-examination and was not material to any issue in the case on trial. The court did not error in excluding the evidence. Insurance Co. v. Schwalst, 46 S. W. Rep., 89. It does not appear to have been material on any issue in the case.

Complaint is made of the exclusion of the evidence of John Rabun, that "there was no drain box put in the culvert after this time [meaning the time the plaintiff was injured] and that there was none there." It is contended that the evidence was admissible to contradict plaintiff's witness, Harold. The witness Harold stated on his cross-examination, in answer to a question by defendant's counsel, that he told the section foreman, Rabun, that the drain box was broken, and that Rabun told the witness "He would fix it as soon as he could get some drain boxes; that the drain boxes did not come for several days after Foster got hurt, and after they came, several days after Foster got hurt, why then it was fixed." The evidence of Rabun, which was excluded, was offered to contradict the testimony of Harold. The evidence of Harold as to what was done in the way of repairing the culvert after the accident is not competent evidence to show the culvert was out of repair at the

time of the injury. Railway v. McGowan, 73 Texas, 355. The contention of the plaintiff is that the bridge was out of repair, in that the plank or floor of the bridge was loose, insecure, and insufficiently fastened to the joists or sleepers, and that the joists or sleepers were old and decayed, and that there was a hole in the bridge. Whether or not a drain box was put in the culvert after the plaintiff was injured is not pertinent to any issue in this case. The testimony of Harold not being relevant to any issue in the case, it was not error to exclude evidence contradicting the same. Railway v. Phillips, 91 Texas, 278.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.