## Wabash Railroad Company *v.* DeHart.

[No. 3,990. Filed November 6, 1902. Rehearing denied January 14, 1903. Transfer denied December 11, 1903.]

RAILROADS.—*Defective Crossing.—Sidewalk.—Pleading.*—An averment in a complaint, in an action against a railroad company for personal injuries sustained because of a defective sidewalk maintained by defendant at its crossing, "that on the southwesterly side of said Monroe street, and over the right of way of the defendant to the first track north, was constructed for foot passage a sidewalk," etc., sufficiently showed that the sidewalk was in the street. *p. 65.*

SAME.—*Defective Crossing.—Notice.*—Where a complaint, in an action against a railroad company for personal injuries sustained by plaintiff because of a defective wooden crossing maintained by defend-

ant, alleged that defendant had permitted the crossing to become worn, rotten and out of repair for a month before the injury, it was not necessary to allege notice thereof to defendant. *pp. 65, 66.*

RAILROADS.—*Defective Crossing.—Negligence.—Complaint.*—In an action against a railroad company for an injury sustained because of a defective crossing, the complaint alleged that on and before the day of the injury defendant negligently permitted the crossing to become worn and out of repair so that the boards of the sidewalk, by reason of age and weather, became thin and water-soaked, and that plaintiff, in walking over "said crossing," and not knowing the condition thereof, stepped on one of the boards, which broke under his weight and allowed his foot to go through, "by reason whereof" he was thrown to the ground, and, by reason of the fall, so caused, he suffered physical injuries described. *Held,* that the complaint sufficiently showed negligence on the part of the defendant, that the injury occurred on account of the defective condition of the sidewalk, and that defendant's negligence was the proximate cause of the injury. *pp. 66–72.*

NEGLIGENCE.—*Contributory Negligence.—Pleading.—Statutes.*—Section 359a Burns 1901 making it unnecessary for plaintiff in an action for personal injuries to allege or prove freedom from contributory negligence applies to an action commenced after the taking effect of the act, though the cause of action arose before the statute became effective. *p. 72.*

From Warren Circuit Court; *D. H. Chase,* Special Judge.

Action by William M. DeHart against the Wabash Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms, W. H. Blodgett, James McCabe* and *E. F. McCabe,* for appellant. *W. B. Durborow,* for appellee.

BLACK, J.—A demurrer to the complaint of the appellee against the appellant for want of sufficient facts was overruled. In the complaint it was alleged that the appellant is a corporation engaged in operating a line of railroad in and through Warren county in this State; that the tracks of the appellant and its right of way cross Monroe street in the town of Williamsport, in that county, at right angles, and this crossing is on the main-traveled thoroughfare of that

town for vehicles and pedestrians; that it was and is the duty of the appellant to construct and keep the crossing in repair and at all times safe for the public travel; that on the southwesterly side of said Monroe street, and over the right of way of the appellant to the first track north, was constructed, for foot passage, a sidewalk of pine boards about eight feet long, and from four to six or eight inches wide, laid across stringers resting on the ground, similar in all respects to ordinary board sidewalks; that underneath said cross boards and beneath the stringers was a space in depth to the ground varying from six to twelve inches; that on, and for a long time, to wit, one month, prior to the 2d day of January, 1899, the appellant negligently suffered and permitted said sidewalk crossing on its right of way at the point above described to become worn, out of repair, rotten, dangerous, and unsafe for public travel over the same, so that the boards of said sidewalk, by reason of their age, and the action of the weather thereon, and public travel over the same, became worn thin, and were rotten and decayed and water-soaked, and would not bear the weight of pedestrians over the same; that on said day the appellee, as he had a right to do, in walking on and over said crossing, and not knowing the rotten and dangerous condition thereof, stepped on one of the boards, and the same, owing to its weak and rotten condition, broke under the weight of the appellee, and allowed his foot to go through, by reason whereof the appellee was thrown with great force and violence down upon his left hip and side to the ground and said sidewalk; that by reason of said fall his left hip joint was bruised, wrenched, and torn, etc.—the injury being described, and the consequent suffering, disability, and expense being stated—all to appellee's damage in a designated sum; wherefore, etc. A number of objections to this pleading are proposed on behalf of the appellant, which we will examine in their order.

It is contended that the complaint fails to show that the sidewalk in question was in the street; that the averment "that on the southwesterly side of said Monroe street, and over the right of way of defendant to the first track north, was constructed, for foot passage, a sidewalk," etc., shows that the sidewalk was not in or on any part of the street, but was on the appellant's right of way southwest of the street, and that therefore the appellant owed the appellee no duty. It may be agreed, as suggested by counsel, that no one would understand that a house or a fence alleged to have been constructed on the southwesterly side of a street was in the street, or occupied any part of it; but the inference which counsel seek to draw from this proposition, that such language applied to a sidewalk means that the way was outside of the street, is not a reasonable inference. The word "sidewalk" has a well-understood meaning. We understand *ex vi termini* that a part of the street is meant. It is the public way, generally somewhat raised, especially intended for pedestrians, and adapted to their use, usually constructed in this country as a part of a street at or along the side of the part thereof especially designed and constructed for the passage of vehicles and animals; there being often, if not generally, a gutter, also constituting a portion of the street, between such parts; and when a sidewalk is spoken of as being on a specific side of a designated street, it is to be understood to be a part so reserved of that street at or along the specific side of the roadway. See Elliott, Roads & Sts. (2d ed.), §20; *City of Evansville v. Worthington*, 97 Ind. 282; *Dooley v. Town of Sullivan*, 112 Ind. 451, 453, 2 Am. St. 209; *Town of Rosedale v. Ferguson*, 3 Ind. App. 596; *City of Frankfort v. Coleman*, 19 Ind. App. 368, 65 Am. St. 412. It does not seem to be needed that much notice be taken of this objection.

It is next objected that there is no averment in the complaint that the appellant had notice of the defect in the side-

walk.   The appellant was under legal obligation to maintain the crossing so as not to interfere with the free use thereof by the public, and in such manner as to afford security to life and property thereat.   It was its duty to erect and maintain such structures as to make the crossing reasonably safe for persons lawfully and properly using the way.   Such obligation and duty rested upon the railroad company by statute, and also without regard to any express statutory requirement.   §5153 Burns 1901, clause 5; §5172a Burns 1901; Elliott, Roads & Sts. (2d ed.), §779; *Evansville, etc., R. Co.* v. *State, ex rel.,* 149 Ind. 276.

The appellant was bound to exercise ordinary care and diligence to discover and repair any insufficient portion of the crossing arising from the causes which rendered the crossing defective as alleged in the complaint.   The complaint alleges that the appellant negligently suffered and permitted the sidewalk crossing to be out of repair, etc., for a long time, to wit, one month, before the day of the injury.

In *Turner* v. *City of Indianapolis,* 96 Ind. 51, it was said:  "This complaint does not charge the defendant with placing the obstruction in the street, but with negligently suffering and permitting it to be and remain there.   This would be a sufficient charge of negligence against a private corporation, such as a railroad company, etc., for the obstruction of a public highway in the use of its franchise."   In seeking for reasons why the same rule as to notice should not be applied to private corporations as to municipal corporations, the court in that case adverts to the fact that the latter act in behalf of the public, while the former act for their own individual interests by the permission of the public, and that in the case of a railroad company it is presumed to be in continuous operation of business on the track by some of its officers or employes, and it is to be presumed to have at all times notice of any obstruction upon its track within the street or highway, etc., while the city's officers and agents are not constantly traversing its streets, and

therefore the city has not the same facilities for knowledge, and it is not chargeable with notice, until it has been actually given, or a sufficient time to learn the facts has elapsed.  In *Town of Spiceland* v. *Alier,* 98 Ind. 467, the distinction made in *Turner* v. *City of Indianapolis, supra,* between a city and a railroad company concerning the averment of notice, and the reason there assigned for the distinction, are referred to and quoted.

In *Worster* v. *Forty-Second St., etc., R. Co.,* 50 N. Y. 203, the defect in the crossing which caused the injury to the plaintiff's horse was a hole into which the horse stepped. It was said that an omission on the part of the railroad company to know that such a defect existed was *prima facie* negligence, as much as an omission to repair after notice; that the plaintiff was only required to show that the injury resulted from the road being out of repair, and if circumstances existed showing absence of negligence, it was for the defendant to prove them; that in such cases notice to municipal corporations, express or implied, of defects or obstructions in the streets, is requisite to create a liability for damages for an injury produced by reason of them, "but the authority of these cases has no application here."

A railroad company rightfully thus occupying the public highway does so by express authority of law.  If it does not restore the highway which it crosses in such manner as to comply substantially with the statutory requirement, the dangerous condition thus resulting will constitute a public nuisance, or there is negligence *per se*.  It is its duty so to restore the highway that it will be as safe and convenient as it was before such use, except so far as it is necessarily rendered unsafe and inconvenient for the public by the lawful construction of the railroad.  The liability for so making the crossing as to be dangerous to travelers by reason of failure to comply with the statutory requirement is not conditioned upon notice of that fact, it being a fact which the railroad company is bound to know.

In the case before us there is no averment of insufficiency or defectiveness in the sidewalk crossing as originally constructed. Its defectiveness is ascribed to the decay and wear of the wooden materials of which it was made, whereby it became too weak to bear the weight of a pedestrian. The sidewalk originally was lawful, and therefore not a nuisance; but it is alleged in effect that it was allowed to become in a defective condition, in the nature of a nuisance, by reason of want of due care on the part of the railroad company. It was the company's duty, under the statute, as already remarked, not only to make the crossing reasonably safe and convenient, but to keep it so. The obligation was a continuing one. Whatever may be the proper rule as to the need of an allegation of negligence in the construction of a crossing under the authority conferred by law upon the railroad corporation, which is not before us for decision, it would seem that where the defective condition of the crossing, in the nature of a public nuisance, is the result of want of due care on the part of the corporation in its use and management of the lawful and originally sufficient crossing, whereby it became dangerous through need of repair, negligence should be alleged.

Negligence is a failure to perform a duty which the defendant owed to the plaintiff under the particular circumstances. The duty in such a case as this was to make due inspection, and to repair and make reasonably safe as the need thereof might be discoverable by means of such inspection. A duty rests upon a municipal corporation in relation to its streets. They are under its control and care, not for its special benefit as its private property or to subserve its private interest, but for the benefit of the public. The liability of the municipality for neglecting the streets is imposed upon it because it is a voluntary corporation, having the power and the means and provided with the instrumentalities wherewith to accomplish such service to

the public, and not because it derives a private benefit from the existence or use of the public highways.

The railroad company was granted a privilege of making such a use of a public highway as without statutory permission would have constituted a nuisance. In connection with the grant of the privilege was a statutory obligation to make and keep the crossing safe and convenient for the public use as a highway. It exercised this privilege for its private benefit solely, and a higher degree of care should be required of it than of a municipal corporation.

While the railroad company is deriving private benefit from the use of what belongs to the public, and thereby is doing what without legislative permission would be a continuing public nuisance, it is by the statutory requirement constantly under obligation to keep the crossing in a safe condition for the use of travelers,—not as safe, it is true, as it would be without a railroad upon the street, but as safe as it may be made with a railroad constructed and used thereon. It is not under the obligation of an insurer, but is bound to exercise ordinary care, skill, and diligence, and its liability is for negligence in failing so to do. The duty devolved upon it, the nonperformance of which constitutes actionable negligence, is an obligation to exercise carefulness, measured not only by the danger, but also by the privilege it enjoys of encumbering a public highway for its private benefit; and the manner in which the duty is to be performed is expressly enjoined and described by statute.

If the imperfection which causes an injury to a traveler be traceable, as to its origin, to the act of a third person, there does not seem to be any good reason, based upon the principles of the law of negligence, for holding the railroad company liable for negligence, unless there has been actual notice to the company of its existence, or it has existed so long that it ought, under the circumstances, to have been discovered and remedied before the injury (though perhaps

less indulgence should be extended to the railroad company than to a municipal corporation in the matter of notice); and, for the purpose of showing the duty of the defendant in such case, notice should be alleged. In the case before us the sidewalk was made of wood, the liability of which to deterioration in such an exposed situation is a matter of common knowledge. It is alleged to have actually become rotten and worn thin, so as to be insufficient to bear the weight of a traveler, and it is shown that the plaintiff was injured by reason of this insufficiency of the sidewalk. Its defectiveness was such as ordinarily may be discovered by inspection. Evidence of the occurrence of the injury and of its cause as stated in the complaint would *prima facie* show negligence in failure to make proper inspection, or in failure to repair defects which by proper inspection were discoverable. The appellant's want of knowledge of the deterioration of the sidewalk would be *prima facie* negligence.

Taking into consideration the material of which the sidewalk was constructed, the nature of the defect therein, and the period of the alleged existence thereof, the place where the sidewalk was situated, the purpose for which it was designed and the use to which it was put, together with the manner in which the injury to the appellee occurred, and considering, also, the high degree of active vigilance required of the railroad company under the circumstances, we conclude that, without any further averment of notice, the complaint showed actionable negligence on the part of the appellant. See *Evansville, etc., R. Co.* v. *Carvener,* 113 Ind. 51; *Evansville, etc., R. Co.* v. *Crist,* 116 Ind. 446, 2 L. R. A. 450, 9 Am. St. 865; *Lake Shore, etc., R. Co.* v. *McIntosh,* 140 Ind. 261; *Cincinnati, etc., R. Co.* v. *Claire,* 6 Ind. App. 390; *Seybold* v. *Terre Haute, etc., R. Co.,* 18 Ind. App. 367; *Vaughan* v. *Buffalo, etc., R. Co.,* 72 Hun 471; *Robinson* v. *New York, etc., R. Co.,* 27 Barb. 512; *Commonwealth* v. *Erie, etc., R. Co.,* 27 Pa. St. 339, 67 Am.

Dec. 471; *Commonwealth* v. *Nashua, etc., R. Co.*, 68 Mass. 54; *Masterson* v. *New York, etc., R. Co.*, 84 N. Y. 247, 38 Am. Rep. 510, 3 Am. & Eng. Ry. C. 408; *State* v. *Monongahela River R. Co.*, 37 W. Va. 108, 16 S. E. 519; *Hatch* v. *Syracuse, etc., R. Co.*, 4 N. Y. Supp. 509; *Hays* v. *Gallagher*, 72 Pa. St. 136; *Roberts* v. *Chicago, etc., R. Co.*, 35 Wis. 679; *Bush* v. *Delaware, etc., R. Co.*, 166 N. Y. 210, 59 N. E. 838; *Denison, etc., R. Co.* v. *Foster*, 28 Tex. Civ. App. 578, 68 S. W. 299; *City of Mattoon* v. *Worland*, 97 Ill. App. 13; *Pennsylvania Tel. Co.* v. *Varnau* (Pa.), 15 Atl. 624; *Western Union Tel. Co.* v. *Engler*, 75 Fed. 102.

It is further objected that it is not shown by the complaint that the appellant was negligent at the time of the injury, or that the injury occurred on account of the defective condition of the sidewalk, or that the appelant's alleged negligence was the proximate cause of the appellee's injury. These objections may be examined together, all of them being determinable through construction of the language of the pleading. It is shown by the complaint that on and before the day of the injury the appellant negligently suffered and permitted the sidewalk crossing to become worn, out of repair, rotten, dangerous, and unsafe for public travel over the same, so that (that is, because of or consequent upon such negligence) the boards of the sidewalk, by reason of their age and the action of the weather thereon, and public travel over them, became worn thin, and were rotten and decayed and water-soaked, and would not bear the weight of pedestrians. The defective condition is sufficiently charged to have existed on that day through the appellant's negligence. It is then alleged that on that day, in walking on and over "said crossing" (manifestly meaning the sidewalk crossing, which, as before related in the complaint, appellant negligently suffered and permitted to become defective, so that it would not bear the weight of pedestrians), and not knowing the rotten and dangerous condition thereof, the appellee stepped on one of the boards,

which, owing to its weak, rotten and worn condition, broke under his weight, and allowed his foot to go through, by reason whereof (that is, because of its breaking and allowing his foot to go through, which it did because of its weak, rotten, and worn condition, in which condition appellant had negligently suffered and permitted the sidewalk crossing, of which the board was a part, to become) he was thrown to the ground, and, by reason of the fall so caused, his physical injuries described occurred. While not in the best form, we think it is sufficiently shown that the negligence charged and the effects stated (which were not of recent creation or occurrence, but were such as accumulated by the lapse of time and through use and by exposure to the weather) continued to the time of the injury, and that the injury occurred on account of the defective condition so negligently suffered and permitted, and that the injury was occasioned by the fall, which was caused by the defective condition which resulted from the negligence charged, and therefore the alleged negligence was the proximate cause of the injury.

It is also objected that the complaint does not contain an averment of absence of contributory negligence on the part of appellee. The injury occurred before the taking effect of the statute of February 17, 1899 (§359a Burns 1901), making it unnecessary for the plaintiff in such an action as this to allege or prove the want of contributory negligence on his part, and providing that such contributory negligence shall be matter of defense, provable under an answer of general denial, and also providing that the act shall not affect pending litigation; but the action was brought after that statute went in force. The statute applies in the case at bar; the action having been commenced after the taking effect of the act, though the cause of action arose before the statute became effective. *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690, decided since the appellant's brief herein was filed.

Finally, it is claimed that the complaint affirmatively shows that the appellee was guilty of contributory negligence; that if the sidewalk was in the condition described, it was obviously unsafe, and that the appellee, in attempting to walk over it, assumed the risk of the danger. Treating the statement that the plaintiff "in walking on and over said crossing, and not knowing the rotten and dangerous condition thereof," etc., as matter of recital, and not a direct averment of his want of knowledge, yet it is made to appear, not that the board on which he stepped was already broken, or appeared to be too weak to sustain his weight, but that it broke under his weight, owing to its weak, rotten and worn condition. He was entitled to use the crossing as he did use it, and had the right to assume that the appellant had not violated its continuing duty to keep the way in a safe condition, unless the contrary was manifest. Even if he had known that the way was defective and unsafe, he was not bound to forego the use thereof, unless it was not consistent with ordinary prudence to attempt to pass. We can not agree that the complaint shows that the appellee ventured to cross or stepped on the board without ordinary care or diligence.

Judgment affirmed.