[Civ. No. 7128.    Fourth Dist.    Oct. 30, 1963.]

NEVA M. PITCHER, Plaintiff and Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Defendant and Appellant.

714

Robert W. Walker, J. H. Cummins, Henry M. Moffat, Richard K. Knowlton, Charles D. Swanner and John Neil Stanley for Defendant and Appellant.

Manasse & Weissburg, L. King Caruthers and Herbert Manasse for Plaintiff and Respondent.

COUGHLIN, J.—The defendant Railway Company appeals from a judgment, entered after verdict, awarding the plaintiff $20,000 for injuries sustained when she fell while walking across the railway company's tracks at their intersection by a public street and sidewalk; claims that the trial court erred in the giving of instructions and also claims that the evidence is insufficient to sustain the amount of the award.

The accident in question happened on the evening of February 23, 1959, after dark; in the City of Fullerton; on the railway company's right-of-way at its intersection by Harvard Street. The right-of-way, which had been paved, extended easterly and westerly. The street, together with a cement sidewalk on the west side thereof, extended northerly and southerly. The plaintiff was on her way home; was walking southerly along the sidewalk in question; proceeded to cross the intersecting asphalt-paved right-of-way; as she was passing over the railroad tracks, stumbled over a protruding portion of the asphalt pavement adjoining one of the rails; and fell to the ground.

An instruction requested by the plaintiff was modified by the court; a part thereof was stricken; other parts were

added; as modified, was given; and, in its modified form, advised the jury as follows:

"If the defendant, The Atchison, Topeka and Santa Fe Railway Co., permitted and consented to the use of its tracks and right-of-way by the public for the purpose of travel across said track at the place where the alleged accident to plaintiff occurred, and the plaintiff was so using the tracks and right-of-way at the time the alleged accident and injury occurred, then said defendant owed her a duty to use and exercise ordinary care to maintain the crossing in a reasonably safe condition in order to avoid injury to the plaintiff."

The defendant contends that this instruction was erroneous because it owned the subject right-of-way; the crossing over such at the place in question was a private crossing; plaintiff was a licensee thereon; its duty to exercise care in the premises was limited to that owed by an owner of real property to a licensee thereon; and the duty imposed upon it by the instant instruction was broader than that required by the decisions in *Oettinger* v. *Stewart,* 24 Cal.2d 133 [148 P.2d 19, 156 A.L.R. 1221], *Huselton* v. *Underhill,* 213 Cal. App.2d 370 [28 Cal.Rptr. 822], and similar cases. This contention is based upon the false premise that the evidence at bar establishes as a matter of law that the crossing in question is a private crossing, and that the principles of law applicable to this case are limited to those governing the duty of a landowner toward a trespasser, licensee or invitee.

The defendant bases its claim that the crossing was a private crossing on the fact that it owned the right-of-way, and upon a lack of any showing that there had been an expressed dedication or condemnation for street purposes of that part thereof intersected by Harvard Street and the adjoining sidewalk. However, the evidence shows without doubt that the city considered the crossing to be a public crossing; that it had been used by the public as such for many years; that the railway company acquiesced in its use as a public crossing; that the Public Utilities Commission has exercised jurisdiction over it as such; and that the latter had imposed upon the company the duty to maintain that part of the crossing within its right-of-way. ▮ Section 1202 of the Public Utilities Code confers upon the Public Utilities Commission the exclusive power to prescribe the manner and terms of operation, maintenance and use "of each crossing of a public or publicly used road or highway by a railroad or street railroad, and of a street by a railroad or vice versa ... ."

The order of the Public Utilities Commission imposing upon the defendant company the obligation to maintain that part of its right-of-way within the subject crossing obviously was made pursuant to the statutory authority thus conferred. It is axiomatic to declare that an obligation so imposed is for the benefit, protection, and safety of the members of the general public who use the crossing; exists independently of the relationship between the owner of the right-of-way and the user thereof as a trespasser, licensee, or invitee; is not circumscribed by the artificialities which our law has ascribed to such a relationship; may be of statutory origin, as in the instant case, or the product of the law's concern generally for the safety of those who might be injured by an owner's failure to exercise ordinary care in the use of his property. (*Hession* v. *City & County of San Francisco*, 122 Cal.App.2d 592, 601-602 [265 P.2d 542]; *Fernandez* v. *Consolidated Fisheries, Inc.*, 98 Cal.App.2d 91, 95, 96 [219 P.2d 73].)

As a general rule, unless otherwise prescribed, it is the duty of a railway company to exercise ordinary care to keep that part of its right-of-way at a public crossing reasonably safe for use by members of the general public using it for a crossing purpose. (See *City of Oakland* v. *Schenck*, 197 Cal. 456, 463 [241 P. 545], and decisions from many jurisdictions cited in 64 A.L.R.2d 1205.) Under circumstances such as in the present case, the crossing includes not only that part thereof within the intersecting roadway, but also that part thereof within an adjoining sidewalk. (*Chicago R. I. & P. Ry. Co.* v. *Redding*, 124 Ark. 368 [187 S.W. 651, 652, Ann. Cas. 1918D 183]; *Wabash R. Co.* v. *De Hart*, 32 Ind. App.62 [65 N.E. 192, 193]; *Bullock* v. *Yakima Valley Transp. Co.*, 108 Wash. 413, 429-430 [184 P. 641, 646-647, 187 P. 410].) Within the concept of this rule, a railroad right-of-way intersected by a public street, which is used by members of the general public with the consent of the railroad company, is a public crossing even though the right-of-way, as such, is owned by the company. (*Pro* v. *Pennsylvania R. R. Co.*, 390 Pa. 437 [135 A.2d 920, 923].)

The instruction upon the measure of care required of the defendant railway company, under the circumstances of this case, was proper. The fact that the court gave other instructions to the effect that the plaintiff was a licensee, did not render the instruction objected to erroneous.

The plaintiff sued the City of Fullerton as well as the railway company, and in connection with her cause of

action against the city requested an instruction with respect to the type of notice prerequisite to the imposition of a duty to remedy a dangerous or defective condition in its property. As proposed, the instruction referred to a dangerous or defective condition in "public property." As modified by the court and given, the instruction referred to a dangerous or defective condition in "property such as that with which we are concerned." A part of the instruction also advised the jury that:

"If you should find from the evidence that there was a long, continued existence of the dangerous or defective condition which, plaintiff claims, caused her injury, that fact will support an inference that the person or persons having authority to remedy the condition had constructive notice thereof."

The defendant contends that the instruction in question is erroneous because it advised the jury as a matter of law that the condition which caused the plaintiff's injury was dangerous and defective, and failed to differentiate between the alleged liability of the railway company and that of the city. These contentions are without merit. In the first place, when the instructions are read as a whole it is obvious that the one in question is concerned only with the type of notice of the condition complained of which is prerequisite to a duty to remedy the same; in the second place, the dangerous or defective condition referred to by the court prior to the instant instruction was the condition of the lighting installation in the crossing area; in the third place, when considered in the order given, and in conjunction with other instructions on the same subject, the instruction to which objection is made must have been understood to relate to the cause of action against the city; and, in the fourth place, the language to which objection is made obviously refers to a claim of the plaintiff with respect to the condition which caused her injury rather than a determination by the court concerning its nature.

■ The defendant railway company also contends that the judgment should be reversed because the evidence is not sufficient to sustain the amount of the award; that the jury must have considered a "degenerative back condition" not related to the subject accident; and that the amount was influenced by "an overwhelming array of supposed 'special' damages without any serious attempt to segregate the cause thereof" among those attributable to the accident and those

attributable to other physical problems.

Although the defendant purports to attack the substantial nature of the evidence which would support a finding that the subject accident was the cause, among other things, of an injury to the plaintiff's back, i.e., a ruptured disc, its argument is directed to the weight of the evidence rather than its unsubstantial character. The plaintiff testified that immediately after the accident she had pain in her knee, leg, foot, hips, ribs and back area, i.e., "down on the lumbar, which is the lower part of your spine"; that when she got home she applied "hot packs" to her knee and back; and that she told the doctor that her back hurt. The fact that the doctor testified he did not remember any complaint by plaintiff concerning her back, and made no notation thereof, merely raises a conflict in the testimony which presented an issue for jury determination. The evidence indicates that the knee injury initially was of a much more apparent, urgent, and painful character than her other injuries; in itself required two periods of hospitalization; one of 14 days and the other of 10 days; caused the knee to remain swollen for several months; and could have distracted attention from the back condition which, a year later, was diagnosed as a ruptured disc. The hospital records of the first hospitalization contained notations that the plaintiff had complained of pain in the lumbar region. An orthopedic surgeon called as a consultant during the second hospitalization, noted in his report that the plaintiff's back showed a "marked increase in the usual lumbar lordosis," with "diffuse bony tenderness of all the vertebrae of the dorsal and lumbar region." Based on the foregoing information, the orthopedist who diagnosed the back condition as a ruptured disc testified that in his opinion this condition was related to the subject accident. On one occasion the plaintiff's knee "gave out" and she started to fall, under conditions which the jury could have found to be a result of the injuries sustained in her original fall. The effect, if any, of this incident upon the opinion of the orthopedist respecting the cause of the back injury was a jury question. At the time of trial the plaintiff was suffering from both the knee and back injuries; previously, on two occasions, had attempted to work but, after short periods of employment, was forced to resign because of them; and suffered an estimated $4,500 loss in earnings on account thereof. The evidence also indicated past medical expenses in the approximate sum of $2,487.99 and prospective expenses in the sum of $1,750. The defendant's contention that these expenses in-

clude those incurred for other than accident-caused "problems" is based upon its interpretation of the evidence. The issue thus presented was one of fact and not of law. Measured by fundamental rules on appeal, the evidence adequately supports the verdict. *(Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129].)

The judgment is affirmed.

Griffin, P. J. and Brown (Gerald), J., concurred.